# United States Court of Appeals
## For the First Circuit

No. 19-1313

UNITED STATES OF AMERICA,

Appellee,

v.

THOMAS GOODMAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]

Before

Lynch, Selya, and Barron,
Circuit Judges.

Benjamin Brooks, with whom Good Schneider Cormier & Fried was on brief, for appellant.
Lauren S. Zurier, Assistant United States Attorney, with whom Aaron L. Weisman, United States Attorney, was on brief, for appellee.

August 18, 2020

**BARRON**, <u>Circuit Judge</u>. Thomas Goodman pleaded guilty in the District of Rhode Island on October 11, 2018, to eight counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The District Court accepted Goodman's guilty plea and sentenced him to 3,120 months' imprisonment. Goodman appeals two of his convictions and his sentence. We affirm his convictions and, because his plea agreement contained a valid and enforceable waiver of his right to appeal, dismiss his challenges to his sentence.

I.

On May 17, 2018, Goodman was at work, at Electric Boat in North Kingstown, Rhode Island, when his supervisor caught him using his phone in violation of company rules and confiscated it. The supervisor asked for the password to unlock the phone, at which point Goodman gave him the information and then fainted. An Electric Boat security officer proceeded to search the phone. The search revealed numerous images of nude children, including images that appeared to be of Goodman's own daughters.

The security officer quickly handed the phone over to the North Kingstown police. Soon afterwards, Goodman was arrested. Once in custody, he admitted to both possessing and distributing child pornography. He also admitted to repeatedly having sexual contact, including intercourse, with one of his minor daughters

over a period of years, to having sexual contact with another of his minor daughters, and to repeatedly having sexual contact with the minor daughter of his family friend. A search of his home revealed even more explicit depictions of young children: 7,800 images and 370 videos in total, including ones of his daughters and the daughter of his family friend.

The next day, on May 18, 2018, Goodman was alleged by criminal complaint to have committed one count of production of child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Goodman entered into a plea agreement months later, on October 4, 2018. He consented in doing so to the government's filing of an information that would charge him with eight counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The government charged Goodman with those crimes via information on that same day. The eight counts of sexual exploitation of a minor involved four different minor victims. Goodman also consented, as part of his plea agreement, to the waiver of his right to appeal the convictions and the sentence imposed by the District Court (so long as the sentence was within or below the Guidelines sentencing range).

On October 11, 2018, Goodman was arraigned on the information, waived his right to an indictment, and pleaded guilty to all charges. The District Court sentenced Goodman on March 22, 2019, to 360 months' imprisonment for each count of sexual exploitation of a minor, to be served consecutively to one another, and to 240 months' imprisonment for the single count of possession of child pornography, to be served consecutively to the other counts. Goodman thus received a total sentence of 3,120 months' imprisonment.

Goodman filed this timely appeal.

## II.

We begin with Goodman's challenge to two of his eight convictions for sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a). In the counts underlying those convictions, Goodman was alleged to have produced images or videos of an eleven-year-old girl entering and exiting the shower. He argues that these convictions cannot stand because the District Court erred in accepting the plea, as there was an insufficient factual basis to support the two convictions. See Fed. R. Crim. P. 11(b)(3).

The plea agreement provides that "Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court." But, insofar as the appeal waiver poses no bar to our

- 4 -

consideration of this Rule 11 challenge to these convictions, see United States v. Torres-Vázquez, 731 F.3d 41, 44-45 (1st Cir. 2013) ("It is common ground that '[w]here, as here, an appeal challenges the validity of the plea itself, a waiver-of-appeal provision lacks force' with respect to that challenge." (alteration in original) (quoting United States v. Ramos-Mejía, 721 F.3d 12, 14 (1st Cir. 2013))), we find no merit to the Rule 11 challenge.

Section 2251(a) provides for the punishment of "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). In turn, 18 U.S.C. § 2256(2)(A)(v) defines "sexually explicit conduct" as, among other types of conduct, "lascivious exhibition of the anus, genitals, or pubic area of any person."

Goodman contends that the facts before the District Court did not suffice to show that he recorded "lascivious exhibition" rather than "mere nudity." Because Goodman failed to make this challenge below, we review only for plain error. See Torres-Vázquez, 731 F.3d at 44. We find none.

At the change-of-plea hearing, Goodman admitted to the District Court that, for these counts, he had "engaged in sexually explicit conduct" as the government alleged. Consistent with that admission, the record shows that the videos that Goodman

surreptitiously produced "depict [an eleven-year-old girl's] genitals as she[] [was] undressing and entering and exiting the shower" and Goodman setting up and then hiding the camera. Accordingly, the District Court did not plainly err in concluding that the factual foundation for Goodman's plea to these two counts sufficed to give it "a reasoned basis to believe that the defendant actually committed the crime to which he is admitting guilt." United States v. Matos-Quiñones, 456 F.3d 14, 21 (1st Cir. 2006); see also United States v. Holmes, 814 F.3d 1246, 1252 (11th Cir. 2016) (finding that the defendant's placement of a video camera in the bathroom, his focus on video recording her genitals, and his editing of the videos were sufficient to create a lascivious exhibition and collecting similar cases).

### III.

We next take up Goodman's challenges to the procedural and substantive reasonableness of his sentence under the United States Sentencing Guidelines ("Guidelines") and 18 U.S.C. § 3553(a), which sets forth factors for courts to consider in sentencing. We conclude, however, that the appeal waiver in his plea agreement bars our consideration of the substance of these challenges.

In arguing that the waiver is no bar, Goodman appeals to basic principles of contract law. A plea agreement is, after all, "a contract under which both parties give and receive

- 6 -

consideration."[1]  United States v. Rivera-Cruz, 878 F.3d 404, 408 (1st Cir. 2017) (quoting United States v. Conway, 81 F.3d 15, 17 (1st Cir. 1996)).

Goodman first argues in this regard that the appeal waiver is not enforceable because he received no consideration for entering into the plea agreement.  But, that is not so.

In exchange for Goodman's agreement to plead guilty, the government agreed as part of the plea deal to recommend an additional one-level reduction in Goodman's total offense level for "assist[ing] authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty," which was only available to Goodman "upon motion of the government."  U.S.S.G. § 3E1.1(b). Goodman contends that the promised recommendation cannot constitute consideration to make the plea agreement binding because the one-level reduction did not reduce his total offense level to below forty-three -- the highest listed offense level under the Guidelines -- and thus did not reduce his Guidelines

---

[1] The government argues that we should consider Goodman's consideration argument under the three-prong framework that this Court set forth in United States v. Teeter, 257 F.3d 14 (1st Cir. 2001).  But, the Teeter framework does not apply to this consideration-based challenge to the enforceability of the agreement that contains the waiver.  See United States v. Rivera-Cruz, 878 F.3d 404, 408 (1st Cir. 2017) (applying contract law principles in considering a defendant's argument that a plea agreement including an appeal waiver is invalid for lack of consideration).

sentencing range to less than a life sentence, which is the maximum allowable penalty for his convictions. See U.S.S.G. ch. 5, pt. A (sentencing table). But, under our precedent, the government's promise to recommend the one-level reduction constituted consideration for his promise to plead guilty because it gave Goodman a "chance at less" before the District Court, as the recommendation would inform the District Court that it had before it a defendant who, in the government's eyes, had assisted the government by promptly notifying it of his intention to plead guilty. Rivera-Cruz, 878 F.3d at 409 (quoting Conway, 81 F.3d at 17) (finding that the government's agreement to the additional one-level reduction was sufficient consideration).

Goodman separately argues that the appeal waiver is no bar because a condition of the plea agreement is that "the sentence[] . . . [be] within or below the sentencing guideline range determined by the Court" and, in his view, the District Court's sentence exceeded that range. See United States v. Acosta-Roman, 549 F.3d 1, 3-4 (1st Cir. 2008) (discussing whether "the waiver of appeal provision is enforceable under the circumstances of this case").[2] He thus appears to be contending that the plea

---

[2] The government contends that we should review this challenge under the framework set forth in United States v. Teeter, 257 F.3d 14 (1st Cir. 2001). Under our precedent, however, we do not apply that framework to a challenge to the enforceability of an appeal waiver on the ground that the plea agreement is not enforceable

- 8 -

agreement -- and thus the appeal waiver in it -- is not enforceable because a condition precedent of the contract was not met. See United States v. Vélez-Luciano, 814 F.3d 553, 558 (1st Cir. 2016).

We may assume -- as the government does -- that Goodman means to support this contention with arguments that he raises in other portions of his briefing, even though these arguments do not address the appeal waiver as such. Thus, we take him to be arguing that the 3,120-month sentence that he received is greater than a life sentence; that it therefore falls outside the Guidelines sentencing range, which establishes the maximum sentence as a prison term of life; and thus, that the sentence he received is greater than the plea agreement contemplated.

Goodman identifies no case law, however, to support the argument that, for purposes of the Guidelines, a sentence of longer than the known natural lifespan is greater than a sentence of life. In fact, in United States v. Saccoccia, 58 F.3d 754 (1st Cir. 1995), we found that a sentence of 660 years -- 7,920 months -- imposed pursuant to U.S.S.G. § 5G1.2(d) was "neither more nor less than the functional equivalent of life without parole." Id. at 786 & n.28.

Goodman appears to argue that his sentence exceeds the length contemplated by the plea agreement because it violates

---

because a condition precedent to it was not met. See Acosta-Roman, 549 F.3d at 3-4.

- 9 -

U.S.S.G. § 5G1.2(d),³ which requires a court to impose consecutive sentences when "the highest statutory maximum is less than the total punishment, . . . but only to the extent necessary to produce a combined sentence equal to the total punishment." But, Goodman points to no case law to support the contention that his sentence does not comport with this Guideline because it is greater than "necessary" to produce a life sentence. Furthermore, as we have just noted, Saccoccia makes clear that a sentence many times longer than the length of a natural life may comply with that Guideline. See 58 F.3d at 786 n.28.

There is one other possible route by which Goodman could overcome his appeal waiver with respect to his challenges to his sentence. He could make the showings required under the framework for assessing the enforceability of an appeal waiver that this Court set forth in United States v. Teeter, 257 F.3d 14 (1st Cir. 2001). Under that framework, appeal waivers in enforceable plea agreements are "'presumptively valid,' so long as (1) the agreement clearly delineates the waiver's scope; (2) the district court specifically inquired about the waiver at the plea hearing; and

---

³ Section 5G1.2(d) provides: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law."

(3) denial of the right to appeal would not constitute a miscarriage of justice." United States v. Betancourt-Pérez, 833 F.3d 18, 22 (1st Cir. 2016) (quoting Teeter, 257 F.3d at 25).

Goodman does not address Teeter in his briefing to us, however. He instead appears to assume that the appeal waiver is not enforceable because the plea agreement is not for the reasons just addressed. Thus, he frames his arguments as challenges under the familiar plain error and abuse of discretion standards.

Nonetheless, even if we were to treat Goodman's challenges to his sentence as contentions that he can satisfy Teeter's miscarriage of justice prong -- as we see no basis for concluding that any other prong is conceivably at issue -- they would fail. That prong is "sparingly applied," Betancourt-Pérez, 833 F.3d at 23 (citing United States v. Miliano, 480 F.3d 605, 608 (1st Cir. 2007)), and is reserved "only for egregious cases," United States v. Villodas-Rosario, 901 F.3d 10, 18 (1st Cir. 2018) (quoting Sotirion v. United States, 617 F.3d 27, 36 (1st Cir. 2010)).

Goodman's challenges to the District Court imposition of more than a life sentence and to the consideration of the 18 U.S.C. § 3553(a) sentencing factors, as well as to the substantive reasonableness of his sentence, are the very "garden-variety" claims of error that cannot satisfy the miscarriage of justice prong. Villodas-Rosario, 901 F.3d at 19. Goodman's contention

that the record is devoid of facts to support the District Court's application of a two-level increase to his total offense level based on the conclusion that he distributed the images of child pornography that he had produced is arguably more serious, given the apparent import the District Court gave to that finding in sentencing him as severely as it did.  But, the un-objected-to presentence report prepared by the United States Office of Probation and Pretrial Services recommended, for each of the eight counts of sexual exploitation of a minor, the two-level enhancement "because the defendant knowingly engaged in the distribution of [the] images" -- images that he pleaded guilty to producing -- that supported each count.  See United States v. Miranda-Díaz, 942 F.3d 33, 40-41 (1st Cir. 2019); see also Fed. R. Crim. P. 32(i)(3)(A).  Thus, there was no "miscarriage of justice" in the District Court making the finding that it did in the absence of any objection from Goodman.

## IV.

Accordingly, the appeal is **dismissed** in part and the judgment of the District Court is **affirmed**.